# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CHRISTOPHER COLEMAN,**
    **Plaintiff,**

v.                                                      No. 3:17-cv-00062-DRH-SCW

**VERDE ENERGY USA, INC.,**
    **Defendant.**

## ORDER

**HERNDON, District Judge:**

Before the Court is defendant Verde Energy USA, Inc.'s ("Verde") motion to stay proceedings pending a forthcoming decision from the United States Court of Appeals for the District of Columbia Circuit (Doc. 17). Plaintiff Christopher Coleman ("Coleman") opposes the motion (Doc. 22). Based on the following, Verde's motion to stay is **DENIED**.

## I. BACKGROUND

In January 2017, Coleman filed a class action suit naming Verde and alleging violation of 47 U.S.C. § 227, Telephone Consumer Protection Act (Doc. 1). Specifically, Coleman contended Verde routinely violated section 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system ("ATDS") to make non-emergency calls to cellular phone numbers without receiving prior express consent (*Id.*).

Verde denied allegations and claimed it made no calls using an ATDS as defined by § 227(a)(1)[1] (Doc. 18 at 2). In support, Verde points to a July 2015 Federal Communications Commission ("FCC") declaratory ruling which third-party objectors petitioned the United States Court of Appeals for the D.C. Circuit to review; seeking clarification on treatment of "capacity" within the §227(a)(1) definition of ATDS, and characterization of "capacity" in conformity with a caller's right of due process and free speech (*Id.*).

Currently, this FCC decision is pending in *ACA Int'l v. Fed Commc'ns Comm'n*, No. 15-cv-01211 (D.C. Cir. 2015) which Verde believes could be dispositive of the instant matter (*Id.* at 3). As a result, Verde requests the Court stay Coleman's action pending clarification (*Id.* at 7). In opposition, Coleman argues, inter alia, Verde has not met its burden to obtain a stay because no clear case of hardship or inequity has been made; and moreover, regardless of the outcome in *ACA Int'l*, discovery must still be conducted to determine the configuration of Verde's phone systems (Doc. 22).

## II. LEGAL STANDARD

"The power to stay a case is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.' " *Walker v. Merk & Co., Inc.*, No. 05-cv-360 DRH, 2005 WL 1565839 at *2 (S.D. Ill. June 22, 2005) (Herndon, J.) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). The grant of a

---

[1] ATDS is defined as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such number." § 227(a)(1).

stay is "an exercise of judicial discretion, and the 'party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion.' " *Ind. State Police Pension Tr. v. Chrysler LLC*, 556 U.S. 960, 961 (2009) (quoting *Nken v. Holder*, 556 U.S. 418, 433-34 (2009)); *see also Nken*, at 443 ("[a] stay is not a matter of right, even if irreparable injury might otherwise result"). "In considering a motion for stay, courts consider both the interest of judicial economy and the potential prejudice or hardship to the parties." *Walker*, 2005 WL 1565839, at *2. "[I]f there is even a fair possibility that the stay *** will work damage to some one else," *the party seeking the stay "must make out a clear case of hardship or inequity in being required to go forward."* *Landis*, 200 U.S. at 255 (emphasis added).

Generally, the following three factors are balanced when deciding whether to grant a motion to stay proceedings: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and the court." *Guil v. All. Res. Partners, L.P.*, No. 16-CV-0424-NJR-DGW, 2017 WL 1132613 (S.D. Ill. Mar. 3, 2017) (quoting *Markel Am. Ins. Co. v. Dolan*, 787 F. Supp. 2d 776, 779 (N.D. Ill. 2011)); *see also In re Groupon Derivative Litig.*, 882 F. Supp. 2d 1043, 1045 (N.D. Ill. 2012); *Se-Kure Controls, Inc. v. Sennco Sols.*, 675 F. Supp. 2d 877, 879 (N.D. Ill. 2009); *Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 1006, 1007 (N.D. Ill. 2009).

## III. ANALYSIS

Verde maintains the essence of Coleman's claim turns on whether calls at issue were made utilizing an ATDS; and, further argues a stay is warranted pending the outcome of the D.C. Circuit's *ACA Int'l* ruling, which in turn, would clarify the statutory definition of ATDS.  On the other hand, Coleman denotes, among other things, that a ruling in *ACA Int'l* will not be dispositive of the matter, and moreover, under *Landis*, Verde has not demonstrated a "clear case of hardship or inequity."

Under the instant circumstances a stay is not appropriate, and Verde's argument regarding clarification of the ATDS statutory definition is unpersuasive.  The D.C. Circuit Court of Appeals ruling in *ACA Int'l* has no dispositive effect on the instant claim because—as Coleman has stated—discovery will still need to be conducted in order to determine whether Verde's calling system corresponds to the newly clarified definition of ATDS.  What is more, Verde fails to raise any contention giving rise to a plausible consideration of facts under the 3-Factor "Stay" Test.  *See Markel*, 787 F. Supp. 2d at 779.

Verde attempts to argue non-existence of prejudice because Coleman is on an "internal Do-Not-Call list; no calls regarding Verde have been made to him since 2016; and no calls regarding Verde would be made to him during the stay if granted.  Contrarily, Coleman highlights potential prejudice with respect to absent class members affected by Verde's conduct via citing rational used in *Cabiness v. Educ. Fin. Sol., LLC*, No. 16-cv-01109-JST, 2017 WL 167678, *3 (explaining further delay and passage of time would increase difficulty locating class members

and increase dispersion of evidence).  The Court is persuaded by *Cabiness* and further believes Coleman will be prejudiced and tactically disadvantaged if a stay is granted.

Additionally, the Court finds no simplification of issues or judicial efficiency will be gained by grant of stay.  As stated above, *discovery must be conducted to determine whether the statutory definition of ATDS in ACA Int'l is dispositive*.  It is wholly inefficient to indefinitely postpone discovery, then—at some unknown point in the future—conduct discovery proceedings which could have been previously completed, all in order to determine whether Verde's dialing system aligns with the statutory definition in *ACA Int'l*.  Similarly, a grant of stay will not reduce the burden of litigation on parties or the Court.

### III. CONCLUSION

Based on the foregoing, Verde has failed to raise any issues of hardship or inequity which are required to implore a grant of stay.  *See Landis*, 299 U.S. at 255.  As a result, and in the interest of judicial economy, as well as potential prejudice to litigants, *see Walker*, 2005 WL 1565839 at *2, Verde's motion for stay of proceedings is **DENIED**.

**IT IS SO ORDERED.**

Signed this 18th day of April, 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.04.18 12:51:23 -05'00'

**UNITED STATES DISTRICT JUDGE**