UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Christopher Coleman, on behalf of himself and others similarly situated, ) ) ) | Case No.: 3:17-cv-62-DRH-SCW |
| Plaintiff, ) ) | Jury Trial Demanded |
| v.  ) ) | |
| Verde Energy USA Illinois, LLC, ) ) | |
| Defendant. ) _____ ) | |

## AMENDED CLASS ACTION COMPLAINT

### Nature of this Action

1. Christopher Coleman ("Plaintiff") brings this class action against Verde Energy USA Illinois, LLC ("Defendant"), under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Section 227(b)(1)(A)(iii) of the TCPA provides, in pertinent part:

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

\*    \*    \*

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States.

3. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to place non-emergency calls to numbers assigned to a cellular telephone service, without prior express consent.

1

**Jurisdiction and Venue**

4. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where a portion of the events giving rise to this action occurred in this district, and where Defendant transacts business in this district.

**Parties**

6. Plaintiff is a natural person who at all relevant times resided in Cairo, Illinois.

7. Defendant is an entity headquartered in Norwalk, Connecticut.

8. Defendant is a limited liability company that supplies electricity to customers in Illinois.

9. Defendant is an affiliate of Verde Energy USA, Inc.

**Factual Allegations**

10. In or about September 2016, Plaintiff began receiving telephone calls from Defendant on his cellular telephone number ending in 3165.

11. Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that Defendant's officers, directors, vice-principals, agents, vendors, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of Defendant's officers, directors, vice-principals, agents, servants or employees.

12. Specifically, here, Defendant hired a vendor to make some or all of the calls at issue. *See* Dkt. No. 18-1 at ¶3.

13. Upon information and good faith belief, at all times, Defendant controlled, or had the right to control, the vendor with regard to its actions in making the calls to Plaintiff, and directed the vendor to make those calls.

14. Upon answering one of the calls, Defendant informed Plaintiff that it was calling to provide Plaintiff the opportunity to save money on his electric rates and asked Plaintiff what the details of his current electric plan were.

15. Plaintiff thereafter informed Defendant that he was not interested in Defendant's services and that Defendant did not have Plaintiff's consent to call him.

16. Plaintiff ended the call by demanding that Defendant not call him again.

17. No matter, Defendant called Plaintiff at least nineteen more times, including on October 21, 2016, October 22, 2016, October 24, 2016, October 25, 2016, November 15, 2016, and November 16, 2016.

18. Defendant placed its calls to Plaintiff's cellular telephone number from (618) 717-4007.

19. Upon dialing phone number (618) 717-4007, the caller is greeted by a recorded message that states: "Thank you for calling Verde Energy USA. All calls are recorded for quality and training purposes. Please hold for the next available representative."

20. On more than one occasion Plaintiff answered a call from Defendant, and was met with a delay, and then a beep, before a live person greeted him.

21. Upon information and good faith belief, and in light of the frequency, number, and nature of the calls at issue, and the fact that the calls continued after Plaintiff directed Defendant to stop calling, Defendant placed its calls to Plaintiff's cellular telephone number by using an automatic telephone dialing system.

22. Upon information and good faith belief, and in light of the frequency, number, and nature of the calls at issue, and the fact that the calls continued after Plaintiff directed Defendant to stop calling, Defendant placed its calls to Plaintiff's cellular telephone number by using equipment which has the capacity (i) to store or produce telephone numbers to be called, using a random or sequential number generator, and (ii) to dial such numbers.

23. Upon information and good faith belief, and in light of the frequency, number, and nature of the calls at issue, and the fact that the calls continued after Plaintiff directed Defendant to stop calling, Defendant placed its calls to Plaintiff's cellular telephone number by using (i) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a person will be available to take the call, or (ii) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when a sales agent will be available to take calls, or (iii) hardware, that when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (iv) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following, and any related, reports and orders, and declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd 17459, 17474 (September 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566

(Jan. 4, 2008); *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, FCC 15-72 (adopted June 18, 2015 and released July 10, 2015).

24. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number for non-emergency purposes.

25. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number voluntarily.

26. Upon information and good faith belief, Defendant placed the calls to Plaintiff's cellular telephone number under its own free will.

27. Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to place its calls to Plaintiff's cellular telephone number.

28. Upon information and good faith belief, Defendant intended to use an automatic telephone dialing system to place its calls to Plaintiff's cellular telephone number.

29. Plaintiff is not, nor was, one of Defendant's customers.

30. Plaintiff does not, nor did, have a business relationship with Defendant.

31. Plaintiff did not give Defendant prior express consent to place calls to his cellular telephone number by using an automatic telephone dialing system.

32. Upon information and good faith belief, Defendant maintains business records that show all calls it placed to Plaintiff's cellular telephone number.

33. Plaintiff suffered actual harm as a result of Defendant's calls at issue in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

34. As well, Defendant's calls at issue depleted or consumed, directly or indirectly, cellular telephone minutes for which Plaintiff paid a third party.

35. Moreover, Defendant's calls at issue unnecessarily tied up Plaintiff's cellular telephone line.

36. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system to place calls to telephone numbers assigned to a cellular telephone service, absent prior express consent.

### Class Action Allegations

37. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons and entities throughout the United States (1) to whom Verde Energy USA Illinois, LLC placed calls, (2) directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system, (4) within the four years preceding the date of this complaint through the date of class certification, (5) absent prior express consent—in that Verde Energy USA Illinois, LLC made an unsolicited telemarketing call to the called party.

38. Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

39. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

40. The exact number of the members of the class is unknown to Plaintiff at this time, and can be ascertained only through appropriate discovery.

41. The members of the class are ascertainable because the class is defined by reference to objective criteria.

42. In addition, upon information and belief, class members' cellular telephone numbers, names and addresses can be identified in business records maintained by Defendant and by third parties.

43. Plaintiff's claims are typical of the claims of the members of the class.

44. As it did for all members of the class, Defendant used an automatic telephone dialing system to place calls to Plaintiff's cellular telephone number, without prior express consent.

45. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice and procedure on the part of Defendant.

46. Plaintiff's claims are based on the same theories as are the claims of the members of the class.

47. Plaintiff suffered the same injuries as the members of the class.

48. Plaintiff will fairly and adequately protect the interests of the members of the class.

49. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

50. Plaintiff will vigorously pursue the claims of the members of the class.

51. Plaintiff has retained counsel experienced and competent in class action litigation.

52. Plaintiff's counsel will vigorously pursue this matter.

53. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

54. The questions of law and fact common to the members of the class predominate over questions that may affect individual class members.

55. Issues of law and fact common to all class members include:

   a. Defendant's conduct, pattern, and practice;
   b. Defendant's violations of the TCPA;
   c. Defendant's use of an automatic telephone dialing system as defined by the TCPA; and

      d.  The availability of statutory penalties.

56.    A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

57.    If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

58.    The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

59.    The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

60.    These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

61.    The damages suffered by each individual member of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

62.    The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

63.    There will be little difficulty in the management of this action as a class action.

64.    Defendant has acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

...

### Count I: Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

65. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-64.

66. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system to place calls to Plaintiff's cellular telephone number, without his consent.

67. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

### Trial by Jury

68. Plaintiff is entitled to, and demands, a trial by jury.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a class representative under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(a)(iii);

e) Enjoining Defendant from continuing to place calls to Plaintiff's cellular telephone number and from placing calls to the cellular telephone numbers of class members without prior express consent;

f) Awarding Plaintiff and the class damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Plaintiff and the class treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

Dated: June 5, 2017                              Respectfully submitted,

*/s/ James L. Davidson*
James L. Davidson (*pro hac vice*)
Lead Counsel
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
(561) 826-5477
(561) 961-5684 (Fax)
jdavidson@gdrlawfirm.com

Counsel for Plaintiff and the proposed class

**CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2017 I filed the foregoing using the Court's CM/ECF system which will provide notice to:

Vitaly Libman
Hinshaw & Culbertson LLP
521 W. Main St., Suite 300
Belleville, IL 62220

By: */s James L. Davidson*
James L. Davidson (*pro hac vice*)