IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHRISTOPHER COLEMAN
    Plaintiff,

v.                          No. 3:17-cv-00062-DRH-SCW

**VERDE ENERGY USA ILLINOIS, LLC,**
    **Defendant.**

## ORDER

**HERNDON, District Judge:**

Before the Court is defendant Verde Energy USA Illinois, LLC's ("defendant") Motion to Dismiss or in the alternative, to Stay or Transfer (Doc. 35). Plaintiff Christopher Coleman opposes (Doc. 40). Based on the following, the motion (Doc. 35)—in entirety—is **DENIED**.

## II. BACKGROUND

On June 5, 2017, plaintiff filed a one-count class action complaint naming defendant Verde Energy USA Illinois, LLC, and asserting violation of section 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act ("TCPA")[1,2] (Doc. 32). More specifically, plaintiff alleged defendant routinely utilized an automatic telephone dialing system to place non-emergency calls to cellular telephone

---

[1] 47 U.S.C. § 227, Restrictions on use of telephone equipment.

[2] Plaintiff's original complaint named Verde Energy USA, Inc. as defendant. However, it was later determined that affiliate Verde Energy USA Illinois, LLC was responsible for making the marking calls in question. This development prompted plaintiff's amended complaint naming the correct defendant—Verde Energy USA Illinois, LLC.

service numbers—without prior express consent (Doc. 32). For relief, plaintiff seeks, *inter alia*, designation as class representative pursuant to FED. R. CIV. P. 23, damages, and costs (*Id.*).

On June 28, 2017, defendant filed the instant Motion to Dismiss or, in the Alternative, Stay or Transfer the matter to the United States District Court for the Eastern District of Pennsylvania ("E.D. Pa.") based on the "first-to-file" rule (Doc. 35). Defendant directs the Court's attention to *Richardson v. Verde Energy USA, Inc.*, No. 5:15-cv-06325 (E.D. Pa. 2015), and argues that identical issues from the instant matter under the TCPA are presently being decided; and, that plaintiff's Amended Complaint—which substituted defendant corporate affiliates—does not permit circumvention of the "first-to-file" rule since *Richardson* is essentially identical to the instant claim[3] (*Id.*). For relief, defendant requests either dismissal of the suit, a stay, or a transfer of the matter to E.D. Pa. for consolidation with *Richardson* (*Id.*).

In response, plaintiff raises three points: (1) the Seventh Circuit's lack of a "first-to-file" doctrine requiring dismissal of all suits after the first; (2) defendant's failure to establish E.D. Pa. is a clearly more convenient forum than the Southern District of Illinois; and (3) defendant's failure to establish a clear case of hardship or inequity which would justify staying the action (Doc. 40). As a result, plaintiff maintains defendant's motion should be denied—in entirety (*Id.*).

---

[3] Defendant argues that plaintiff's class is absorbed by the *Richardson* class because one of the named plaintiff's in *Richardson* is an Illinois resident; and all claims, parties, and requested relief between the two cases are similar (Doc. 36 at 3).

**III. ANALYSIS**

**A. "First-to-File" Rule Inapplicable**

Defendant's argument is grounded on the Court's broad discretion to dismiss, stay, or transfer a case duplicative of another action presently pending in another federal court.[4] *See McReynolds*, 694 F.3d at 888. Defendant cites to several non-controlling cases in an attempt to convince the Court that similarity between duplicative actions is paramount over strict identity of parties in application of "first-to-file" doctrine. *Cf. Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1147 (E.D. Cal. 2010); *see also Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 790 (6th Cir. 2016); *Herer v. Ah Ha Pub., LLC*, 927 F. Supp. 2d 1080, 1089 (D. Or. 2013); *Abbott Labs., Inc. v. Mead Johnson & Co.*, No. C2-98-0157, 1998 WL 416758, at *4 (S.D. Ohio, Apr. 21, 1998).

"As a general rule, a federal suit may be dismissed for reasons of wise judicial administration . . . whenever it is duplicative of a parallel action pending in another federal court." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (internal citation omitted). Lawsuits are deemed "duplicative" if claims, parties, and available relief do not considerably differ. *See McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 889 (7th Cir. 2012). Conversely, "[t]his circuit does not rigidly adhere to a 'first-to-file' rule[,]" *Trippe Mfg. co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995); and "has 'never laid down an inflexible rule that [a] prior filing controls.'" *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 979 (7th Cir. 2010) (citing

---

[4] *See Richardson, supra.*

*Warshawky & Co. v. Arcata Nat'l Corp.*, 552 F.2d 1257, 1265 (7th Cir. 1997)). Restated, *no established Seventh Circuit rule requires district courts to dismiss duplicative lawsuits. See Gleash v. Yuswak,* 308 F.3d 758, 760 (7th Cir. 2002) (explaining even where another similar suit is pending no rule of federal law requires dismissal of second or successive suit); *but see, Cent. States, Se. and Sw. Areas Pension Fund v. Paramount Liquor Co.*, 203 F.3d 442, 445 (7th Cir. 2000) (stating dismissal appropriate when same party as filed second or successive suit).

Here, it is indisputable two similar actions are pending in two different district courts, brought by two different plaintiffs, against two distinct defendants.[5] Due to lack of binding Seventh Circuit law governing treatment of non-identical plaintiffs bringing identical suits in different districts, and the fact that "first-to-file" is inapplicable under these conditions[6]—**the Court declines to dismiss the instant action**. *See Blair v. Equifax Check Servs., Inc.* 181 F.3d 832, 838 (7th Cir. 1999) (where plaintiffs are different but allege same class/claims in different district courts, no mechanical rule governs handling of overlapping cases).

**B. Transfer Inconvenient**

---

[5] The *Richardson* plaintiff alleged TCPA violations by defendant Verde Energy USA, Inc., while plaintiff in the instant matter named defendant Verde Energy USA Illinois, LLC.

[6] First to file is inapplicable due to different plaintiffs suing different defendants notwithstanding similar claims.

Pursuant to 28 U.S.C. § 1404, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Courts balance the following three factors in deciding whether to grant or deny request of a transfer: (1) the convenience of witnesses and parties; (2) cost of transfer; and, (3) public interest and special circumstances involved. *See F.T.C. v. MacArthur*, 532 F.2d 1135, 1143 (7th Cir. 1976); *see also Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986) (explaining district judge must consider statutory factors in light of all case circumstances; choice to deny or grant transfer is within discretion of trial judge).

In this case, defendant has the burden of establishing E.D. Pa. "is [a] clearly more convenient" venue than the Southern District of Illinois. *See, e.g., Coffey*, at 219-20. After careful review of the pleadings, no such burden has been met. The Court finds that transfer of the instant case would be inconvenient because plaintiff Coleman is a citizen of Illinois, the alleged TCPA violation transpired in Illinois, and a transfer of a case dealing with Illinois phone service customer rights—by a company that specifically engages with Illinois residents—would contravene public interest. *See id*. Accordingly, **the Court declines to transfer the instant matter to E.D. Pa**.

**C. Stay Denied**

The grant of a stay is "an exercise of judicial discretion, and the 'party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion.' " *Ind. State Police Pension Tr. v. Chrysler LLC*, 556 U.S. 960, 961 (2009) (quoting *Nken v. Holder*, 556 U.S. 418, 433-34 (2009)); *see also Nken*, at 443 ("[a] stay is not a matter of right, even if irreparable injury might otherwise result"). "In considering a motion for stay, courts consider both the interest of judicial economy and the potential prejudice or hardship to the parties." *Walker v. Merk & Co., Inc.,* No. 05-cv-360-DRH, 2005 WL 1565839, at *2 (S.D. Ill. June 22, 2005) (Herndon, J.). "[I]f there is even a fair possibility that the stay *** will work damage to some one else," *the party seeking the stay "must make out a clear case of hardship or inequity in being required to go forward."* *Landis v. N. Am. Co.,* 299 U.S. 248, 255 (emphasis added).

Generally, the following three factors are balanced when deciding whether to grant a motion to stay proceedings: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and the court." *Guil v. All. Res. Partners, L.P.*, No. 16-CV-0424-NJR-DGW, 2017 WL 1132613 (S.D. Ill. Mar. 3, 2017) (quoting *Markel Am. Ins. Co. v. Dolan*, 787 F. Supp. 2d 776, 779 (N.D. Ill. 2011)); *see also In re Groupon Derivative Litig.*, 882 F. Supp. 2d 1043, 1045 (N.D. Ill. 2012); *Se-*

*Kure Controls, Inc. v. Sennco Sols.*, 675 F. Supp. 2d 877, 879 (N.D. Ill. 2009); *Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 1006, 1007 (N.D. Ill. 2009).

Similar to the Court's April 18, 2017 order denying defendant's Motion to Stay, *"[u]nder the instant circumstances a stay is not appropriate[.]"* See *Coleman v. Verde Energy USA, Inc.*, No. 3:17-cv-00062-DRH-SCW, 2017 WL 1382875 (S.D. Ill. Apr. 18, 2017) (emphasis added). A clear tactical disadvantage for plaintiff is present as absent class members would be increasingly more difficult to locate if a stay were granted. *See id.* at *2. Next, a stay will neither simplify issues, streamline the trial, nor reduce the burden of litigation because—in each instance—a different plaintiff is suing a different defendant. Finally, defendant has failed to raise an inkling of foreseeable hardship or inequity as required to entertain a motion to stay proceedings. *See Landis*, 299 U.S. at 255.

### III. CONCLUSION

Based on the foregoing, defendants' Motion to Dismiss or in the alternative, to Stay or Transfer (Doc. 35) is **DENIED**. Parties in this action shall proceed notwithstanding the outcome in *Richardson*.

**IT IS SO ORDERED**.

Digitally signed by Judge David R. Herndon
Date: 2017.11.02 15:45:04 -05'00'

**UNITED STATES DISTRICT JUDGE**